Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:          (619) 233-7770
Facsimile:          (619) 297-1022

Douglas J. Campion, Esq. (SBN: 75381)
**Law Offices of Douglas J. Campion**
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 543-9307

Attorneys for Plaintiff
Timur Geffe

FILED

APR 2 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

'08 CV 0770 JLS- BLM

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timur Geffe, individually and on behalf of others similarly situated and the general public, | Case No.: _____ |
| **Plaintiff,** | **Class Action** |
| v. | **Complaint For Damages** |
| **Credit Investigation and Arbitration, a business entity, form unknown** | **Jury Trial Demanded** |
| **Defendant.** | |

## INTRODUCTION

1.  Plaintiff TIMUR GEFFE ("GEFFE"), alleges as follows, all on information and belief, which allegations GEFFE believes will have evidentiary support after the opportunity for full investigation and discovery. GEFFE brings all causes of action against Defendant CREDIT INVESTIGATION AND ARBITRATION ("CIA") individually and/or on behalf of a class of similarly situated persons.

2.  Additionally, GEFFE brings the third cause of action against Defendant CIA individually and/or on behalf of the general public.

3.  GEFFE is one of thousands of Americans who, during the past five years, have placed their trust and money in the hands of CIA. This allegation is made based on assertions made by Defendant CIA on its Internet web site at "http://www.cia-credit.org/," and other sources.

4.  Defendant CIA engages in a wide variety of illegal business practices.

5.  While Defendant CIA engages in a number of practices that are illegal, some of which are outlined in this Complaint as they apply to GEFFE, this Complaint focuses on Defendant's charging or receiving of money or other valuable consideration for the performance of a service that the Defendant agreed to perform for Plaintiffs, including GEFFE, which was not fully performed, in violation of the Credit Repair Organization Act, 15 U.S.C. § 1679(c)(b).

6.  TIMUR GEFFE, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CREDIT INVESTIGATION AND ARBITRATION, ("Defendant"), with regard to Defendants to engaging in actions prohibited by the Credit Repair Organization Act, 15 U.S.C. § 1679 et. seq. ("CROA"), and this conduct caused Plaintiff damages.

HYDE & SWIGART
San Diego, California

## JURISDICTION AND VENUE

7.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1679h, and 28 U.S.C. § 1367 for any supplemental state law claims.

8.  This action arises out of Defendant's violations of the Credit Repair Organization Act, 15 U.S.C. § 1679 et. seq. (CROA).

9.  Because Defendant does business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Plaintiff is a natural person who resides in the City of Murrieta, County of Riverside, State of California and is a "consumer" as that term is defined by 15 U.S.C. § 1679b(1).

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of Santa Rosa, County of Sonoma, State of California.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was an individual residing within the State of California.

14. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

15. Plaintiff is a "consumer" as that term is defined pursuant to 15 U.S.C. § 1679b(1).

16. Plaintiff is informed by a representative of Defendant, and believes, and thereon alleges, that Defendant is a "credit repair organization" as defined pursuant to 15 U.S.C. § 1679b(3).

17. Defendant is a company that holds itself out as someone "dedicated to helping the general public to [sic] stop creditors and the credit bureaus from reporting inaccurate or untrue information on their credit reports."

HYDE & SWIGART
San Diego, California

18. Defendant claims that its "Main objective is to help our clients get the credit rating they deserve."

19. Defendant attempts to distinguish it from "other credit repair services" because they "attack the negative credit using more effective angle."

20. Sometime before January 1, 2004, Plaintiff began to have what he felt were problems with numerous unwanted credit data on his consumer credit report.[1]

21. In an effort to have this unwanted credit data removed, Plaintiff telephoned Defendant, who claimed great success in removing unwanted credit data from the person's consumer credit reports and repairing their credit.

22. In this telephone conversation, Defendant's representative, Ernesto Rodriquez ("Rodriquez"), represented himself as a "CIA Agent."

23. In this telephone conversation, Rodriquez stated that his company had a "close relationship with the credit bureaus" and stated that he "guaranteed" he could eliminate the unwanted credit information, accurate or not, currently on Plaintiff's consumer credit report.

24. This statement was untrue and misleading and in violation of 15 U.S.C. §§ 1679c(a)(1) and 1679c(a)(3), and 1679c(a)(4).

25. In this telephone conversation, Rodriquez went on to state that the way his company eliminated the unwanted credit information was by mailing the three major credit-reporting agencies[2] a dispute every month for a year until the credit-reporting agencies got tired of it and took off the unwanted credit information, whether that information was accurate or not.

26. This statement was untrue and misleading and in violation of 15 U.S.C. §§ 1679c(a)(1) and 1679c(a)(3), and 1679c(a)(4).

_____

[1] As that term is define pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., (FCRA)

[2] Presumably, TransUnion, Experian and Equifax.

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

27. In this telephone conversation, Rodriquez stated that once Defendant began sending these letters to the major credit reporting-agencies, unwanted credit information would "come off automatically."

28. This statement was untrue and misleading and in violation of 15 U.S.C. §§ 1679c(a)(1) and 1679c(a)(3), and 1679c(a)(4).

29. In this telephone conversation, Rodriquez stated that his company normally charged $1,500.00 for this "service," but that if Plaintiff would mail in $1,200.00, Defendant would provide this "service" for the next year.

30. In this telephone conversation, Rodriquez stated that because Defendant had such a close relationship and "clout" with the three major credit-reporting agencies, these credit-reporting agencies would usually just delete any unwanted credit information and that 85% of this unwanted credit information would be deleted "immediately," thereby improving Plaintiff's credit.

31. This statement was untrue and misleading and in violation of 15 U.S.C. §§ 1679c(a)(1) and 1679c(a)(3), and 1679c(a)(4).

32. Plaintiff agreed and sent Defendant a cashier's check for the demanded $1,200.00, which Defendant accepted, immediately.

33. By charging or receiving money or other valuable consideration for the performance of a service that the Defendant agreed to perform for Plaintiff but was not fully performed, Defendant violated the Credit Repair Organization Act, 15 U.S.C. § 1679(c)(b).

34. Plaintiff is informed and believes, and thereon alleges, that Defendant "opened" his account on or about December 18, 2004.

35. Plaintiff is informed and believes, and thereon alleges, that subsequently, Defendant made minimal efforts to follow through on the promises made by Rodriquez and Defendant, and failed to perform as agreed.

36.  Plaintiff is informed and believes, and thereon alleges, that whatever efforts made by Defendant were unsuccessful and took place during only a four-month period of time.

37.  Subsequently, because Plaintiff believed he had been lied to and defrauded, Plaintiff requested a refund from Defendant, but this was refused.

38.  Pursuant to 15 U.S.C. § 1679d, Defendant was under an obligation to provide Plaintiff with a certain written statement before any contract or agreement between the Plaintiff and Defendant was executed that provided "You have the right to cancel your contract with any credit repair organization for any reason within 3 business days from the date you signed it." Defendant failed to do so, in violation of the CROA. Because this contract was not in compliance with the CROA, this contract is void and any payments made by Plaintiff to Defendant must be returned.

39.  Pursuant to 15 U.S.C. § 1679d, Defendant was under an obligation to provide Plaintiff with a certain written statement before any contract or agreement between the Plaintiff and Defendant was executed that provided "The Federal Trade Commission regulates credit bureaus and credit repair organizations. For more information contact: The Public Reference Branch, Federal Trade Commission Washington, D.C. 20580" Defendant failed to do so, in violation of the CROA.

40.  Defendant provided services for Plaintiff without a written and dated contract as required pursuant to 15 U.S.C. § 1679e(a)(1), in violation of the CROA. Because this contract was not in compliance with the CROA, this contract is void and any payments made by Plaintiff to Defendant must be returned.

41.  Pursuant to 15 U.S.C. § 1679f, Defendant was under an obligation to provide Plaintiff with a form, in duplicate, which stated, "You may cancel this contract, without any penalty or obligation, at any time before midnight of the 3rd day which begins after the date the contract is signed by you." Defendant

HYDE & SWIGART
San Diego, California

1    failed to do so, in violation of the CROA.  Because this contract was not in

2    compliance with the CROA, this contract is void and any payments made by

3    Plaintiff to Defendant must be returned.

### CLASS ALLEGATIONS

*FIRST CLAIM FOR RELIEF*

*VIOLATIONS OF THE CREDIT REPAIR ORGANIZATION ACT, 15 U.S.C. § 1679 ET. SEQ.*

7    42.    GEFFE, on behalf of himself and members of the **Class** and the general

8    public, re-alleges and incorporates herein each and every allegation set forth

9    above as though fully set forth herein.

10    43.    Plaintiff defines the **Class** as (i) all persons with addresses within the United

11    States (ii) who Defendant charged, or from which Defendant received, money

12    or other valuable consideration for the performance of a service that the

13    Defendant agreed to perform for said persons but was not yet fully performed

14    at that time as prohibited in 15 U.S.C. § 1679(c)(b).  For purposes of this First

15    Claim for Relief, the class period is five years prior to the filing of this

16    Complaint.

17    44.    The foregoing acts and omissions constitute numerous and multiple violations

18    of the Credit Repair Organization Act, 15 U.S.C. § 1679 et. seq., including but

19    not limited to each and every one of the above-cited provisions of the Credit

20    Repair Organization Act, 15 U.S.C. § 1679 et. seq.

*Numerosity of the Class*

22    45.    Each of the proposed classes are so numerous that the individual joinder of all

23    its members in one action is impracticable.  The exact number and the

24    identities of class members are unknown at this time and can only be

25    ascertained through appropriate investigation and discovery.  The class

26    consists of thousands of persons, as defendant admits on its company web site

27    at "http://www.cia-credit.org/aboutcia.php/".

28    *Existence and Predominance of Common Questions of Law and Fact*

HYDE & SWIGART
San Diego, California

---

**Class Action Complaint**                    - 7 of 11 -

46.   Common questions of law and fact arising out of the claims here at issue exist as to all members of the Class and predominate over any individual issues. These common legal and factual questions include, but are not limited to, the following:

47.   Whether defendant violated this state's consumer protection statutes.

48.   Whether the charging or receiving of money or other valuable consideration for the performance of a service that the Defendant agreed to perform for Plaintiffs but was not fully performed, violates the Credit Repair Organization Act, 15 U.S.C. § 1679(c)(b).

49.   The amount of revenues and profits Defendant CIA received and/or the amount of monies or other obligations imposed on or lost by class members as a result of such wrongdoing.

50.   Whether class members are entitled to payment of actual, incidental, consequential, exemplary, punitive, and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

*Typicality of Claims*

51.   Plaintiff GEFFE's claims are typical of the claims of members of the Class. GEFFE was charged money or other valuable consideration for the performance of a service, and Defendant CIA received that money or other valuable consideration for the performance of a service prior to Defendant CIA performing any services.  Plaintiff is informed and believes, and thereon alleges, that all members of all classes sustained the same treatment.

*Adequate Representation*

52.   Plaintiff GEFFE will fairly and adequately protect the interests of the members of the Classes in that he has no irreconcilable conflicts with or interests materially antagonistic to those of the other class members.

53.   Rincon has retained attorneys experienced in the prosecution of class actions, including consumer class actions.

HYDE & SWIGART
San Diego, California

*Superiority and Substantial Benefits of Class Litigation*

54. To the extent it is an element for establishing class certification for certain causes of action, a class action is superior to other available methods for the fair and efficient group-wide adjudication of this controversy and, as applicable, possesses substantial benefits. Individual joinder of all members of the classes are impracticable, and no other group method of adjudication of all claims asserted herein is more efficient and manageable while at the same time providing all the remedies available to ensure the full purpose of this state's consumer protection laws are effectuated.

55. Furthermore, as the damages suffered by each individual member of the classes may be relatively small and the relief sought discrete, the expense and burden of individual litigation in order to obtain such relief would make it difficult or impossible for individual members of the class to redress the wrongs done to them, and the cost to the court system of adjudicating such litigation on an individual basis would be substantial. The class members, because of the amounts at stake, would have little interest in individually controlling the prosecution of separate actions; to counsel's knowledge there has not been any substantial litigation concerning this controversy commenced against the parties; and it is not anticipated that there will be any difficulties in the management of this litigation due to the focus of the wrongdoing on defendant's conduct and their knowledge of the true facts.

56. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member as compared to other methods for the group-wide adjudication of this controversy. Thus, both

HYDE & SWIGART
San Diego, California

Class Action Complaint                - 9 of 11 -

1    the Class and the court system achieve substantial benefits by the prosecution

2    of this action on a class-wide basis by avoiding the burden of multiple

3    litigation involving identical claims, as well as by aiding legitimate business

4    enterprises in curtailing illegitimate competition and ensuring a therapeutic

5    effect on those companies such as Defendant CIA that indulge in illegal

6    practices. As a result of each and every violation of the Credit Repair

7    Organization Act, 15 U.S.C. § 1679 et. seq., Plaintiff is entitled to any actual

8    damages pursuant to 15 U.S.C. § 1679h(a)(1); punitive damages pursuant to

9    15 U.S.C. § 1679h(a)(2); and, reasonable attorney's fees and costs pursuant to

10    15 U.S.C. § 1679h(a)(3), from each Defendant.

11                                **PRAYER FOR RELIEF**

12    57.    **WHEREFORE**, Plaintiff prays that judgment be entered against Defendant

13           for:

14           **CREDIT REPAIR ORGANIZATION ACT, 15 U.S.C. § 1679 ET. SEQ.**

15    58.    an award of actual damages pursuant to 15 U.S.C. § 1679h(a)(1);

16    59.    an award of punitive damages pursuant to 15 U.S.C. § 1679h(a)(2);

17    60.    an award of costs of litigation and reasonable attorney's fees, pursuant to 15

18           U.S.C. § 1679h(a)(3).

19    61.    For such other and further relief as the Court deems just and proper under the

20           circumstances.

21

22

23

24

25

26

27

28

**HYDE & SWIGART**
San Diego, California

**TRIAL BY JURY**

62. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 4/17/08

Respectfully submitted,
**HYDE & SWIGART**

By: _____
Robert L. Hyde, Esq.
Attorney for Plaintiff

Dated: 4/2/08

Respectfully submitted,
**LAW OFFICES OF**
**DOUGLAS J. CAMPION**

By: _____
Douglas J. Campion, Esq.
Attorney for Plaintiff

JS44
(Rev. 07/89)

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Timur Geffe, individually and on behalf of others similarly situated and the general public.

**DEFENDANTS**

Credit Investigation and Arbitration, a business entity, form unknown

FILED
APR 2 8 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**       Riverside

(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**       Sonoma

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Robert L. Hyde, Esq. SBN: 227183
411 Camino Del Rio South, Ste. 301
San Diego, CA 92108
Tel: 619-233-7770

**ATTORNEYS (IF KNOWN)**

Unknown

'08 CV 0770 JLS BLM

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

Fair Debt Collection Practices Act, 15 U.S.C. §1679 et seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | |
| | | | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 160 Stockholders Suits | | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ 76000   Check YES only if demanded in complaint:   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE 04/24/2008          SIGNATURE OF ATTORNEY OF RECORD _____

150270 $350 -
PB 04/29/08

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150270    — MB

April 29, 2008
10:27:28

Civ Fil Non-Pris
USAO #.: 08CV0770 CIVIL FILING
Judge..: JANIS L. SAMMARTINO
Amount.:                    $350.00 CK
Check#.: BC2375

Total-> $350.00

FROM: TIMUR GEFFE VS
      CREDIT INVESTIGATION AND
      ARBITRATION